UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA
VETERINARY SPECIALISTS
INCORPORATED, WENDY G.
ARSENAULT, and MICHAEL J.
ARSENAULT,

    Plaintiffs,

v.                                        Case No.: 2:22-cv-539-JLB-KCD

PETVET CARE CENTERS
(FLORIDA), LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant PetVet Care Centers (Florida), LLC's Motion to Strike Plaintiffs' Expert and for Protective Order Limiting the Scope of Depositions. (Doc. 54.)[1] Plaintiffs responded in opposition (Doc. 63), making this matter ripe. For the reasons below, the motion is denied.

### I. Background

In 2019, Plaintiffs Wendy and Michael Arsenault decided to sell their veterinary clinic to PetVet. The sale was consummated with an asset purchase agreement. (Doc. 3 ¶ 9.) Along with the gross purchase price, the agreement

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

obligated PetVet to pay an "Earnout Bonus" if the clinic hit certain revenue benchmarks measured against EBIDTA.[2] (*Id.* ¶ 14.)

Plaintiffs now sue PetVet for breaching the agreement. They claim PetVet refused "to provide access to the documents necessary to confirm and/or determine the Earnout Bonus." (Doc. 3 ¶ 40.) They also claim PetVet miscalculated EBDITA and the Earnout Bonus due. (*Id.* ¶ 47.)

As part of discovery, Plaintiffs disclosed an expert—Andrea Crowley. She will reportedly opine that PetVet "did not properly calculate the Earnout [Bonus]." (Doc. 54 at 7.) Under her calculations, Plaintiffs' damages "range from $310,312 to $4,341,820." (*Id.* at 7.)

PetVet moves to strike Crowley's report and testimony. PetVet does not argue she is unqualified or dispute her calculations. Instead, it claims the purchase agreement mandates an alternative forum for challenging the Earnout Bonus. In its view, "all disputes concerning the calculation of EBITDA and the Earnout [Bonus] were to be resolved by a Neutral Auditor." (Doc. 54 at 2.) Thus, Crowley's "opinion regarding Plaintiffs' purported calculation of EBITDA and the Earnout Payment as well as Plaintiffs' purported damages, is irrelevant and outside the scope of this case." (*Id.*) Put simply, Crowley's

---

[2] EBITDA stands for earnings before interest, taxes, depreciation, and amortization.

2

testimony is unnecessary because the proper Earnout Bonus (whatever that may be) cannot be decided here.

Using the same logic, PetVet also requests a protective order to curb Plaintiffs' discovery efforts. (Doc. 54 at 12-14.) According to PetVet, since "calculation of EBITDA and the Earnout [Bonus] is required . . . to be brought before a Neutral Auditor, . . . it is improper for Plaintiffs" to "seek testimony relating to" these topics. (*Id.* at 12-14.)

## II. Discussion

PetVet's motion essentially boils down to a relevance challenge. Since the Earnout Bonus cannot be determined through this litigation, discovery into that subject (whether through an expert or deposition testimony) should be curbed. But this argument runs headlong into a problem. The complaint contains allegations and claims directed at the Earnout Bonus and how it was calculated. Relevancy is measured against the claims and defenses asserted in the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"); *In re TelexFree Sec. Litig.*, No. CV 4:14-02566-TSH, 2023 WL 5726378, at *2 (D. Mass. Sept. 5, 2023) ("[R]elevancy is measured by any claim in the litigation[.]"). So the discovery PetVet seeks to exclude *is* relevant under the current pleadings.

PetVet's argument prevails only if the Court also concludes that Plaintiffs' claims are deficient. But this is not the correct procedural posture to assess the complaint. PetVet cannot bootstrap a substantive challenge to the pleadings through its discovery motion. *See, e.g.*, *E.E.O.C. v. Glass Containers Corp.*, 18 Fed. R. Serv. 2d 23 (N.D. Ga. 1973). Curtailing discovery as PetVet requests also presents a practical problem. PetVet has moved for judgment on the pleadings to eliminate Plaintiffs' claims about the Earnout Bonus. (*See* Doc. 53.) If the Court ultimately disagrees with PetVet and allows Plaintiffs' complaint to proceed, they will have been unjustly prevented from pursuing relevant (and necessary) discovery. The Court will then be left with no choice but to reverse course and belatedly allow discovery into the excluded topics. This would only serve to unnecessarily frustrate judicial economy and efficiency.

Plaintiffs have alleged claims that attack how PetVet calculated the Earnout Bonus. Until those allegations are removed from the complaint, the discovery PetVet seeks to exclude is relevant. PetVet can renew its discovery motion if the complaint is curtailed, which, as noted, is before the Court on another motion.

Accordingly, it is now **ORDERED**:

1. PetVet's Motion to Strike Plaintiffs' Expert and for Protective Order Limiting the Scope of Depositions (Doc. 54) is **DENIED WITHOUT PREJUDICE**.

**ENTERED** in Fort Myers, Florida on November 3, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record