UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA
VETERINARY SPECIALISTS
INCORPORATED, WENDY G.
ARSENAULT and MICHAEL J.
ARSENAULT,

      Plaintiffs,

v.                                                                    Case No.:  2:22-cv-539-JLB-KCD

PETVET CARE CENTERS
(FLORIDA), LLC,

      Defendant.

_____/

## **ORDER**

Before the Court is Defendant's Motion to Extend the Deadline to Serve

its Rebuttal Expert Report. (Doc. 73.)[1] The motion can be denied in short order

because it fails to argue the correct standard.

When a party seeks to extend a case management deadline, as here,

Federal Rule of Civil Procedure 16 controls. *See, e.g.*, *Est. of Reed v. Nat'l*

*Specialty Ins. Co.*, No. 19-23178-CIV, 2020 WL 5547922, at \*4 (S.D. Fla. July

29, 2020). Rule 16 commands the district court to issue a scheduling order that

"limit[s] the time to . . . complete discovery." Fed. R. Civ. P. 16(b)(3)(A). Once

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have
been omitted in this and later citations.

such an order has been issued, the "schedule may be modified only for good cause." *Id.* at (b)(4).

Rule 16's "good cause standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court's scheduling order." *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 6:20-CV-330-ORL-40-EJK, 2020 WL 9171962, at *1 (M.D. Fla. May 27, 2020). Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Nolen*, 2020 WL 9171962, at *1 ("[L]itigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.").

Rather than focus on diligence, which as mentioned is the touchstone of Rule 16, Defendant discusses the liberal standard for extending time under Rule 6. (Doc. 73 at 3.) Defendant's failure to argue the governing standard is dispositive. *See Sosa*, 133 F.3d at 1419. Defendant may refile the motion under the correct standard.

Accordingly, it is **ORDERED**:

Defendant's Motion to Extend the Deadline to Serve its Rebuttal Expert Report (Doc. 73) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida this December 13, 2023.


Kyle C. Dudek
United States Magistrate Judge


Copies:  All Parties of Record