UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA
VETERINARY SPECIALISTS
INCORPORATED, WENDY G.
ARSENAULT and MICHAEL J.
ARSENAULT,

    Plaintiffs,

v.                               Case No.:  2:22-cv-539-JLB-KCD

PETVET CARE CENTERS
(FLORIDA), LLC,

    Defendant.
_____/

# ORDER

In this contract dispute, Plaintiffs move to file two motions to compel under seal. (Doc. 78.) Plaintiffs asserts that sealing is necessary because the motion will discuss confidential and sealed documents and information. (Doc. 52.) Plaintiffs say the motions are permeated with the confidential information, making redaction or partial sealing impracticable. Defendant has no objection.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based

on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.*

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the material confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Plaintiffs have overcome the presumption of public access and shown good cause for filing the motion under seal. Sealing is necessary because the filing includes confidential information throughout, making redaction impracticable.

Accordingly, it is now **ORDERED**:

1. Plaintiffs' Unopposed Motion to Seal (Doc. 78) is **GRANTED**. Plaintiffs' Motions to Compel and any exhibits to the motions will be filed **UNDER SEAL**.

2. Plaintiffs must file the Motions to Compel using the "sealed motion" event in CM/ECF. The Clerk's Office makes available a step-by-step guide to filing documents under seal: https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-filing-civil-documents-under-seal-for-lawyers.pdf.

3. The Motions to Compel will remain under seal until 90 days after the case is closed and all appeals are exhausted.

4. Attorney Elinor Baxter, 27 S. Palm Avenue, Suite 201, Sarasota, FL 34236, (239) 405-7863, is authorized to retrieve the sealed tangible items.

**ORDERED** in Fort Myers, Florida this December 18, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record