UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA
VETERINARY SPECIALISTS
INCORPORATED, WENDY G.
ARSENAULT and MICHAEL J.
ARSENAULT,

     Plaintiffs,

v.                       Case No.:  2:22-cv-539-JLB-KCD

PETVET CARE CENTERS
(FLORIDA), LLC,

     Defendant.

_____/

## ORDER

This lawsuit stems from the sale of a veterinary clinic. According to the complaint, Defendant PetVet Care Centers (Florida), LLC has refused to pay what is owed under the parties' agreement. (Doc. 3.)[1]

The latest scheduling order requires PetVet to serve expert disclosures by December 15, 2023. (*See* Doc. 61.) PetVet now moves to continue that deadline "by three (3) weeks, to January 5, 2024." (Doc. 75 at 1.)

Because PetVet seeks to modify the scheduling order, Federal Rule of Civil Procedure 16 governs. *See Destra v. Demings*, 725 F. App'x 855, 859 (11th

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Cir. 2018) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). It states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In evaluating this rule, the touchstone is diligence. "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418; *see also In re Deepwater Horizon Belo Cases*, No. 321CV00737MCRGRJ, 2022 WL 732246, at *3 (N.D. Fla. Mar. 10, 2022) ("When considering whether to extend or revive a court's scheduling order deadline, the Court applies the Rule 16 good cause standard, which requires a showing of diligence.").

PetVet argues more time is needed for its expert disclosure to accommodate scheduling conflicts. These issues include several other reports the expert must prepare this month, along with holiday travel. (Doc. 75 at 3-4.) PetVet's counsel also cites a host of "emergent deadlines in . . . other matters." (*Id.* at 3.)

District courts enjoy "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Exercising this discretion, the Court finds PetVet has offered good cause for the relief requested. The scope of expert discovery was the subject of a motion to strike that was only recently resolved. (*See* Doc. 63.) Coupled with the scheduling

issues identified by PetVet, extending the expert disclosure deadline is preferrable to hindering the production of this important discovery. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) ("This Circuit expresses a strong preference that cases be heard on the merits and strive[s] to afford a litigant his or her day in court, if possible.").

Plaintiffs' primary opposition is that an extension of the expert deadline will cause prejudice. (*See* Doc. 80 at 4-5 ("[E]nabling the Defendant to file a late rebuttal expert disclosure would result in substantial injury . . . in that Plaintiffs would have little time to have its expert analyze [the] rebuttal report and any exhibits, prepare and take the deposition of Defendant's expert."). But any prejudice can be cured by extending Plaintiffs' discovery deadline. And that's what the Court will do.

Accordingly, it is now **ORDERED**:

1. PetVet's Motion to Extend the Deadline to Serve Its Rebuttal Expert Report (Doc. 75) is **GRANTED** as set forth below.

2. The deadline for PetVet to disclose any expert testimony in accordance with Rule 26 is extended to January 5, 2024.

3. The discovery deadline is extended to February 23, 2024, for the limited purpose of allowing Plaintiffs to conduct discovery related to PetVet's expert disclosure. All other discovery will close as currently scheduled on February 2, 2024.

**ENTERED** in Fort Myers, Florida on December 19, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record