UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA
VETERINARY SPECIALISTS
INCORPORATED, WENDY G.
ARSENAULT and MICHAEL J.
ARSENAULT,

    Plaintiffs,

v.                                    Case No.:  2:22-cv-539-JLB-KCD

PETVET CARE CENTERS
(FLORIDA), LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Unopposed Motion to Redact and Seal Transcript of a hearing held on March 25, 2024. (Doc. 106.) Defendant asserts that sealing is necessary because the transcript discusses confidential information. (Doc. 109.) Defendant submits a table of proposed redactions (Doc. 109-2) so that the redacted transcript may be filed on the public docket. Defendant says an unredacted version may be filed under seal. Plaintiffs have no objection.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges

deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.*

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the material confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Defendant has overcome the presumption of public access and shown good cause for filing the redacted transcript on the public docket and for filing the unredacted transcript under seal. *See* Fed. R. Civ. P. 5.2(d).

Accordingly, it is now **ORDERED**:

1. Defendant's Unopposed Motion to Redact and Seal Transcript of a hearing held on March 25, 2024 (Doc. 109) is **GRANTED**. The unredacted transcript of the **March 25, 2024** hearing will be filed

**UNDER SEAL**. A redacted version, with the redactions outlined at Doc. 109-2, may be filed on the public docket.

2. The transcript will remain under seal until 90 days after the case is closed and all appeals are exhausted.

3. Sealed information may be retrieved on behalf of PetVet by the following authorized persons: Kristen L. Wegner and/or Drew Krieger; counsel for PetVet, mailing address: 1301 Riverplace Boulevard, Jacksonville, FL 32207, email addresses: Kristen.wegner@rivkin.com, Drew.Krieger@rivkin.com; telephone number: (904) 792-8925.

**ORDERED** in Fort Myers, Florida on April 30, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:
All Parties of Record
Court reporter Shelli Kozachenko, shellikoz@gmail.com

3